Derrick Smith Law Group, et al. v. East Side Club, 231015 Mr. Cohen Good morning, your honors. May it please the court. I'm John Matt Cohen of the Derrick Smith Law Group. We are the appellants pro se. I respectfully submit that the district court abused its discretion in imposing sanctions against us under the high standards of 28 U.S.C. 1927 and inherent powers, as the record and the district court's own factual findings show that there was no bad faith here. First, I made genuine, reasonable representations based upon the record regarding plaintiff's other pro se lawsuit when I described it as an attorney-client fee dispute. Everything in the record indicated that was all that this matter entailed, most notably plaintiff's mental health treatment records and sworn deposition testimony. I did not know the extent of plaintiff's other lawsuit, and it was completely unforeseeable that an attorney-client fee dispute would somehow involve an intentional infliction of emotional distress claim and name Fordham University as a defendant. Plaintiff's other lawsuit has been titled the Bronx Action in the papers. Number two, the district court found that plaintiff misled me as to the nature of plaintiff's Bronx action, and specifically that plaintiff, and I quote from the opinion, consistently and systematically concealed relevant and unfavorable facts and documents from his former counsel. Third, the district court found that I did not review the Bronx Action litigation documents until late February 2020, which notably is after the alleged sanctionable events took place, establishing my lack of knowledge. Is that a good thing or is that a bad thing? Well, it's a good thing, Your Honor, because as the record shows, all of my submissions and statements were based upon genuine beliefs. And in this context, to sanction somebody under 1927 and inherent powers, it requires subjective bad faith. And if I didn't possess the knowledge to be able to act in that faith, then I shouldn't have been sanctioned under these standards. Why isn't the district court's factual finding, to which we review for clear error, that when you filed the tenth motion in limine, that she could infer bad faith from the filing of that motion because strategic advantage would obviously be gained by keeping out the conflicting argument regarding emotional damages. And the fact that in order to file that, you were under obligations to know some of the background as to what it was you were seeking to exclude. Your Honor. So even if prior to that point you'd been misled by your client, there's an inference available at what happens at that moment from which she derives a factual determination of bad faith. Why is that clear error? Under these standards, factual specificity is required. Simply submitting a motion that ultimately turns out to contain an inaccuracy is not in and of itself bad faith. A factual analysis needs to be undertaken to determine whether there was actual knowledge and intent and improper motivations behind that inaccurate submission. If an attorney makes an inaccurate submission that's based upon genuine beliefs rooted in the record as shown here, there is no subjective bad faith. And with respect to that- But as we tell juries all the time, we can't read minds. So motivations and intent is inferred from things that we can see in the world. And here what the district judge said is what I can see that tells me what I'm going to conclude about bad faith, about your intentions, is that you had obligations to know what was going on in the materials that you were seeking to have excluded. And you gained strategic advantage by not accurately representing what was in that information. From that I derive what was going on in your mind, which was bad faith. Your Honor, I would argue that that's a leap. And if I may quote from the opinion, I think it's clear that the district judge improperly utilized the Rule 11B implicit certification in our motion in limine to assume bad faith without really pointing to the facts and the record. Most notably, plaintiff had just testified under oath under penalty of perjury at his deposition detailing this Bronx action as solely an attorney-client fee dispute. And based upon that testimony, as well as other things in the record that suggested to me this was only an attorney-client fee dispute, I submitted a motion in limine based upon those good faith genuine beliefs. And as stated in the Braun citing the optical communications group case, an attorney who relies on their client's sworn testimony made under the penalty of perjury is not acting in bad faith. And the effect of this inaccuracy is not the proper analysis. You're supposed to look at the intent behind the submission. And clearly, I had no intent. The district court even credited my representations that at all times material, I was only aware that plaintiff's Bronx action involved solely an attorney-client fee dispute and nothing further. And that plaintiff further reinforced those beliefs throughout the litigation. And in the opinion, the district court only claimed bad faith after I filed this January 13th, 2020 motion in limine. Because quote, and I'm truncating this for purposes of time. After all, rule 11B was now implicated. And in signing the moving papers, Mr. Cohen attested that he had made the necessary inquiry into the factual allegations. As such, any misrepresentations about the Bronx action from this filing forward could not have been made in good faith. That is clear speculation and assumption without pointing to facts. And the record shows, the facts in the record show that everything indicated this was an attorney-client fee dispute. The facts in the record also show though, right, that your client told you how to get a copy of the complaint. That you were repeatedly asked by opposing counsel about the nature of that lawsuit. And that in spite of all of that, you then went beyond sort of simply being responsive and affirmatively filed a representation that the lawsuit was irrelevant. So at that point, you know, why can't an inference be made? As Judge Nathan points out, we have to draw inferences. That's pretty extreme to spend, I don't know, months and months, if not years by that time, that you had had the ability to be aware. And you yet affirmatively chose. It's sort of the equivalent of someone handing you a bag that's really heavy and they promise you it's only got a pillow in it. And you say to the cops when they stop you, well, I didn't look inside. That doesn't get you off the hook. Your Honor, I respectfully disagree on two points. First, the inquiry isn't whether I should have, it's whether I did. And whether I knew. So that it is your belief that counsel cannot be sanctioned under either the court's inherent powers or 1927. If no matter how many signs and signals there were, no matter how many obligations to inquire. And no matter how much information there was available, counsel closed their eyes to it. And elected to listen solely to the representations of their client. Your Honor, I didn't close my eyes to this. What happened was plaintiff unilaterally objected to defendant's discovery request on this issue. Asserting that this information was irrelevant. But you submitted the objection, right? Sure. He wasn't pro se. Sure, right. And the district court found that he instructed me to submit that objection. Right, but there's a lot of case law, including from this court, that says counsel has an obligation to manage the discovery process. To do independent inquiry and to confirm that their client's searches are adequate and responses are appropriate. Sure, Your Honor. Absolutely. But this is not a negligence standard or a recklessness standard. And if I may just continue with the record. I had emailed plaintiff seeking his other litigation documents after defense counsel and I had a meeting to confer on the issue. And in that email, I described plaintiff's other litigation as, quote, against your previous attorney for fees, showing my genuine beliefs. You are absolutely correct. Plaintiff did provide instructions for us on how to access the case. And hindsight's 20-20, right? And as stated in Gust, hindsight is not to be used and all doubts are to be resolved in favor of the non-movement. In that moment, Your Honor, defendants never filed a motion to compel. My focus was taken by the many other pressing matters in the case. And quite frankly, I genuinely believed this other lawsuit was an attorney-client fee dispute. And I didn't access the documents. I moved on. And it was never addressed again. And then plaintiff doubled down under penalty of perjury at his deposition, testifying that this was just an attorney-client fee dispute. So based upon that, I submitted this motion in limine believing that. And maybe it was not right for me to do that. But ultimately, I genuinely in my heart believe that. And so there can be no subjective bad faith because it is not a negligence or reckless standard. So respectfully, Your Honor, I would say that I did act in good faith here. All right. So you've reserved some time for rebuttal. We'll hear from your friend on the other side for the appellees. Thank you. Thank you. Thank you. Good morning, Your Honors. I'm Thomas D. Shanahan of Thomas D. Shanahan PC for the appellees in this case. I think Judge Fiala was very, very fair to Judge Fiala. It was very fair in this decision because it wasn't just the motion in limine and the certification to the court that led to the sanctions at issue here today. It was, and she specifically says that in the record, that the Derek Smith Law Group understates its liability, in my opinion. In particular, DSLG argues that the court solely sanctioned them regarding the failure to disclose the Bronx action. And the judge's exact words are not so. She pointed out in the decision that the case from its inception was marked by the efforts of the plaintiff with the witting or unwitting assistance of his then counsel, Mr. Cohen and the Derek Smith Law Group to withhold relevant evidence, but more importantly, only produce evidence that they thought was favorable to the case. I asked the judge to sanction the Derek Smith Law Group from the beginning of the case. What she did, in a very well-reasoned opinion, was she sanctioned the plaintiff, who at the time of the sanctions was pro se. He had discharged the counsel. She sanctioned him from inception up until the motion in limine. And then from the filing date of that motion in limine forward, she sanctioned Mr. Cohen and his firm. Based on the misrepresentations regarding the Bronx action. Right. Because at that point in the litigation, it was not reasonable to file something, and we're getting ready for trial, and not have known when you're certifying to the court that this is accurate and truthful, that it's not accurate and truthful. And it turns out it wasn't just that other, the two appeals we weren't aware of. In the exhibit, in the record, at A254 and 255, there are exhibits that I had prepared as demonstrative exhibits to use at trial. He had actually sued, at that time, 11 different entities or individuals. So this was part of an entire, from the beginning of the inception throughout the case, of an effort by the plaintiff, who was sanctioned and paid his sanction. He accepted responsibility, in my opinion, by paying the sanction. He didn't appeal. And it's just not, we're attorneys. I'm an officer of the court. When I file something in federal court, I understand that I'm making a representation, and I can be held to account if it's not true. In this case, the motion on limine, I think, from the judge's perspective, was the final straw. Because Mr. Cohen mentioned during his argument that- Well, it's the basis upon which she makes a factual finding inferring bad faith with respect to counsel. That's right. Bad faith- And I presume, because it wasn't clear from your papers, that you defend that judgment because that was not clear error. No, I think her decision was exactly right. Right. I had asked her to find bad faith much earlier in the litigation. You're not seeking, but you didn't cross appeal. You're not seeking affirmance on alternative grounds. Affirmance here would be because it wasn't clear error, I think, in my view, would be based on a conclusion that it wasn't clear error to infer bad faith based on the filing of the motion in limine. And everything that preceded it. And all the other things that had happened in the case, which she detailed in the 70-page, 71-page decision. Right. She details, but she concludes that she can't find bad faith for Mr. Cohen and affirm based on that. Until the time of the motion in limine, when there was no longer- Right. She did find bad faith. And I think it's a well-reasoned decision. I think she gave him every opportunity up until that point. And even after that as part of the briefing of this decision. And she didn't sanction based on the work with Dr. Siegel? No. She did not sanction them on the work with Dr. Siegel. So that's not an issue in this appeal? No, it's not an issue, but I do think when earlier counsel indicated I didn't make a motion to compel on appointment records, I think it's worth noting, and this is in my brief on page 22. The initial conference in this case was held on March 19th of 2019. Discovery ended in November, early December of 2019. There was a motion every month to get even the most, close to the compel, basic information in this case. And it wasn't just obstructed by the plaintiff. It was obstructed by counsel. There was an issue. There was a request for production and an interrogatory, I think, targeted towards the other lawsuit. There was an objection. And in response to the objection, you did not move to compel at that time? That's correct. I think that's opposing counsel's point here. Not that sort of you all didn't fight about a lot of stuff in Discovery. But then onto this question, his claim is he therefore moved on. Well, he says that. And then as we got medical records, for example, there was a litigation involving Trader Joe's. It was never disclosed by anybody. When we got medical records, we saw in the medical records this workers' comp claim that he made against Trader Joe's. So we learned about things by serving third-party subpoenas because it's impossible to get even the most basic evidence from Miami. And the Dr. Siegel, as far as that is concerned, just briefly, because it relates to the case that comes next. Again, they were asking for $18 million at the outset of this case. They asked, I think right before trial, they were asking for $9 million. And every time we got additional Discovery that had been withheld, the number came down. They withdrew emotional distress. What does that have to do with the judgment in this case? In this case, well, I think when Mr. Cohen says that it wasn't my intent to gain a litigation advantage from the filing of that motion and limiting, at the outset of the case, they asked for $18 million.  They had a lot of incentive and reason to be doing that. And I was in the case from the beginning. I cannot imagine filing that motion and limiting and making that argument to that court at that point in the case with everything that had happened before that. And so that's why I think it's important. She made the finding of bad faith based upon an extensive record, and she gave them every benefit of the doubt up until that point. Yeah, I mean, in your motion to consolidate or have the case heard in tandem, you allege the two appeals, quote, share almost identical fact patterns. They do. In the sense of? Not based on what the judgment below has to do with, right? What I asked originally, what you're defending on, is the bad faith determination based on the misrepresentation regarding the Bronco motion, after she concluded that I'm not going to sanction based on Dr. Siegel. I mean, it took me a while to figure out, because based on your representation, I thought these two cases had something to do with each other. Well, they do. Not really. Not on the specific issue of the sanction. I mean, certainly they don't share identical fact patterns. They do in discovery and discovery abuse, and they do. Which Judge Faila also concluded was not sanctionable in this case. As to Derek Smith-Walgrip, you are correct. Right. And you did not appeal, so. No, we did not appeal. So let me ask you, because it's interesting, the bad faith finding is the subject of clear error review. The decision to impose sanctions is the subject of abuse of discretion review, right? Yes. All right. But you're asking, well, I think actually your adversary, your friend on the other side, is asking us to assign clear error to the finding of bad faith. And so you agree that that's the standard, that's the ultimate question. Yes, I do. All right. Thank you. Thank you. We'll hear some rebuttal. As my reply brief, as well as the district court's own opinion has detailed, the only issue for which we were sanctioned was related to the Bronx action. And it's wholly improper for appellees to continue to raise other issues for which the district court did not sanction us and for which the appellees did not appeal. Further, Mr. Shanahan made reference that, or insinuated that the district court sanctioned us for activities that occurred throughout the litigation. Can a finding of, I'm sorry. That's okay, Your Honor, please. Can a finding of bad faith be premised on effectively a form of conscious avoidance? In other words, and of course in the criminal context, people can be found guilty on, criminally guilty and liable on a conscious avoidance theory. But when we talk about Section 1927 and the district court's inherent powers, is it possible to find bad faith based on an attorney's refusal to look around, to see the facts? Notwithstanding the client's repeated misrepresentations, even sworn misrepresentations. Your Honor, I would argue that the answer is no. What would I look to to confirm or refute that? Well, the body of case law shows that, again, if something ultimately turns out to be, to lack merit or to be frivolous, it's dependent on the intent and the knowledge behind that. And recklessness, which I would argue is maybe conscious avoidance, I don't know exactly how you would view conscious avoidance, is not enough. It's a very high bar to find subjective bad faith. And moreover, I would say, in this case, there really was no conscious avoidance. Everything in the record indicated that this was an attorney-client fee dispute. And in real time, my focus was taken on the many other pressing matters in the case, so I never did review the other case. Now, maybe I should have, but that's not the standard. It's not a negligence standard. It's a bad faith standard. And I clearly didn't. And, again, going back to plaintiff's sworn deposition testimony, I relied upon that in good faith, Your Honor. Okay. Well, thank you very much. Thank you. We'll reserve the decision.